IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSE TAPIA-CORNESO, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:07-CR-0279-CAP-GGB-37 |
| | : | |
| LINDA SANDERS, Warden, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:11-CV-3477-CAP-GGB |

## FINAL REPORT AND RECOMMENDATION

This case was transferred to this Court from the United States District Court for the Central District of California. [Doc. 1933]. Movant, currently incarcerated at the Federal Correctional Institution in Lompoc, California, filed an action in the California district court purportedly under 28 U.S.C. § 2241. The California district court construed the petition as a motion filed under 28 U.S.C. § 2255, because Movant's claims challenge the legality of his sentence, and transferred the § 2255 motion to this Court, where Movant was convicted and sentenced. [*Id.*]. Before me for consideration are the § 2255 motion [Doc. 1929] and the Government's response [Doc. 1930], amended response [Doc. 1931], and motion to dismiss [Doc. 1932]. For the reasons discussed below, I recommend that the § 2255 motion be dismissed as successive.

I. **Background**

On September 30, 2008, Movant entered a negotiated plea of guilty in this Court for conspiracy to possess with intent to distribute at least five kilograms of cocaine and at least five hundred grams of methamphetamine. [Doc. 750]. As part of his plea agreement, Movant waived his right to appeal or collaterally attack his conviction and sentence. [Doc. 750-1 at 7, ¶ 16]. On September 14, 2009, Movant was sentenced to 288 months of imprisonment. [Doc. 1418].

Movant appealed his sentence to the United States Court of Appeals for the Eleventh Circuit. [Doc. 1453]. On February 24, 2010, the Eleventh Circuit granted the Government's motion to dismiss the appeal due to a valid appeal waiver in Movant's plea agreement. [Doc. 1745].

On June 18, 2010, Movant filed a motion to vacate sentence under 28 U.S.C. § 2255 in this Court. [Doc. 1793]. In that motion, Movant argued that (1) his conviction and sentence are unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (2) his conviction was obtained based on outrageous governmental conduct; (3) his counsel's performance was ineffective; and (4) his pre-sentence investigation report contained errors that required re-sentencing. [*Id.*]. On July 13, 2010, this Court denied Movant's § 2255 motion. [Doc. 1801]. Movant appealed,

and the Eleventh Circuit denied Movant's application for a certificate of appealability and dismissed his appeal. [Doc. 1879].

On July 8, 2011, Movant filed a petition in the California district court, called "Petition for Actual Innocent Claim Pursuant to Habeas Corpus 28 U.S.C. § 2241." [Doc. 1929]. In his petition, Petitioner raises the following claims: (1) the district court's imposition of his sentence was unconstitutional under *Apprendi* and *Blakely v. Washington*, 542 U.S. 296 (2004), and in violation of the Rules of Criminal Procedure; Movant's presentence investigation report contains errors that require resentencing; the district court's sentence was not reasonable under the sentencing guidelines; and Movant received ineffective assistance of counsel based on his counsel's failure to investigate. [*Id.*]. On August 26, 2011, the Government filed a motion to dismiss in the California district court, contending that the petition should be construed as a motion under § 2255 and be dismissed for lack of jurisdiction, untimeliness, and successiveness. [Doc. 1932]. The Government alternatively argued that the petition should be construed as a § 2255 motion and be transferred to this Court. [*Id.*]. On October 5, 2011, the California district court construed the petition as a § 2255 motion and transferred it to this Court, along with the Government's motion to dismiss. [Doc. 1933].

## II. Discussion

Movant's § 2255 motion is subject to dismissal because Movant already has filed, and this Court has considered, a § 2255 motion challenging his conviction and sentence. [Docs. 1793, 1802]. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Therefore, Movant must now seek authorization from the Eleventh Circuit to file a successive § 2255 motion in this Court. Because Movant has not obtained authorization, this Court lacks jurisdiction to consider his motion. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

## III. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the

4

district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant's motion is successive, and he must seek authorization from the Eleventh Circuit in order for this Court to consider it. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

## IV. Conclusion

Based on the foregoing, **I RECOMMEND** that the Government's motion to dismiss [Doc. 1932] be **GRANTED** and that Movant's § 2255 motion [Doc. 1929] be **DISMISSED** as successive.

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this  27th  day of October, 2011.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)